SUNNY S. HUO (State Bar No. 181071)
ANDREW W. NOBLE (State Bar No. 245993)
MICHAEL G. CROSS (State Bar No. 268999)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Email: mgc@severson.com

Attorneys for Defendants
CAPITAL ONE, N.A. as successor by
merger with CHEVY CHASE BANK, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

D. STEWART ARMSTRONG and CINDY IKEOKA,

Plaintiffs,

vs.

CHEVY CHASE BANK, FSB; CAPITAL ONE, N.A. as successor by merger with CHEVY CHASE BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; TD SERVICE COMPANY; US BANK, N.A., QUALITY LOAN SERVICING CORPORATION and DOES 1-20, inclusive,

Defendants.

Case No.: 5:11-cv-05664-EJD

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Date: June 15, 2012
Time: 9:00 a.m.
Dept.: Courtroom 1, 5th Floor
Judge: Hon. Edward J. Davila

## REQUEST FOR JUDICIAL NOTICE

Defendant Capital One, N.A., as successor by merger with Chevy Chase Bank, FSB ("Capital One"), brings this request for judicial notice in support of its motion to dismiss the Complaint filed by plaintiffs D. Stewart Armstrong and Cindy Ikeoka ("Plaintiffs").

Pursuant to Federal Rule of Evidence 201, facts appropriate for judicial notice are those "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

In accordance with these principles, courts routinely take judicial notice of publicly-recorded Deeds of Trust and similar documents because they are they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" within the meaning of Federal Rule of Evidence 201(b). *See, e.g.*, *Clemens v. J. P. Morgan Chase Nat'l Corporate Servs., Inc., No. C-09-3365 EMC*, 2009 WL 4507742, at *1 (N.D. Cal. Dec. 1, 2009).

For these reasons, Capital One requests that the Court take judicial notice of the following:

<u>Exhibit 1</u>: The Deed of Trust recorded July 2, 2004, with the Monterey County Recorder's Office as Document No. 2004069761. A true and correct copy of said Deed of Trust is attached hereto as Exhibit 1.

<u>Exhibit 2</u>: The Substitution of Trustee recorded June 29, 2009, with the Monterey County Recorder's Office as Document No. 2009040550. A true and correct copy of said Substitution of Trustee is attached hereto as Exhibit 2.

<u>Exhibit 3</u>: The Assignment of Deed of Trust recorded March 26, 2010, with the Monterey County Recorder's Office as Document No. 2010017056. A true and correct copy of said Assignment of Deed of Trust is attached hereto as Exhibit 3.

Exhibit 4: The Corrective Assignment of Deed of Trust recorded July 8, 2011, with the Monterey County Recorder's Office as Document No. 2011037465. A true and correct copy of said Corrective Assignment of Deed of Trust is attached hereto as Exhibit 4.

Exhibit 5: The Substitution of Trustee recorded August 2, 2011, with the Monterey County Recorder's Office as Document No. 2011041981. A true and correct copy of said Substitution of Trustee is attached hereto as Exhibit 5.

Exhibit 6: The Notice of Default and Election to Sell recorded August 2, 2011, with the Monterey County Recorder's Office as Document No. 2011041982. A true and correct copy of said Substitution of Trustee is attached hereto as Exhibit 6.

Exhibit 7: The Notice of Trustee's Sale recorded November 7, 2011, with the Monterey County Recorder's Office as Document No. 2011041982. A true and correct copy of said Notice of Trustee's Sale is attached hereto as Exhibit 7.

DATED: March 5, 2012

SEVERSON & WERSON
A Professional Corporation

By: *_/s/ Michael G. Cross_*
Michael G. Cross
Attorneys for Defendant
CAPITAL ONE, N.A. as successor by
merger with CHEVY CHASE BANK, FSB